IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CAROLYN BLEDSOE, as Surviving Spouse and Personal Representative for the Estate of LEWIS BLEDSOE, Deceased,

    Plaintiff,

vs.

CBS CORPORATION, et al.

    Defendants.

CASE NO. _____

JURY DEMANDED

## COMPLAINT

Plaintiff CAROLYN BLEDSOE, as Surviving Spouse and Personal Representative for the Estate of LEWIS BLEDSOE, deceased, by and through counsel, brings this wrongful death action against the Defendants and will show the following:

### PARTIES

1. Plaintiff CAROLYN BLEDSOE, as Surviving Spouse and Personal Representative for the Estate of LEWIS BLEDSOE, deceased, is a resident of California, residing at 18080 County Rd. 70, Brooks, CA 95506. Plaintiff Carolyn Bledsoe is the duly-appointed, qualified, and acting personal representative for the Estate of Lewis Bledsoe, deceased. Plaintiff brings this action pursuant to Tenn. Code Ann. § 20-5-101 *et seq.*

2. Defendant CBS CORPORATION is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 51 West 52nd Street, New York, New York 10019, with a registered agent for service of process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

1

3. Defendant ELECTROLUX HOME CARE PRODUCTS, INC. is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 807 North Main Street, Bloomington, IL 61612, with a registered agent for service of process at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendant FORD MOTOR COMPANY is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 1 American Rd., Dearborn, MI, 48126, with a registered agent for service of process at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. Defendant GENERAL ELECTRIC COMPANY is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 41 Farnsworth Street, Boston, MA 02210, with a registered agent for service of process at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. General Electric Company is being sued individually and as successor in interest of, among others, RCA Corporation, which manufactured multiple electronics subject in this lawsuit.

6. Defendant HONEYWELL INTERNATIONAL INC. is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 101 Columbia Road Morristown, NJ 07962, with a registered agent for service of process at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendant MOTOROLA INC. is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business

at 1303 East Algonquin Road, Schaumburg, Illinois 60196, with a registered agent for service of process at Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes, Delaware 19801.

8. Defendant OSRAM SYLVANIA INC. is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 200 Ballardvale Street, Wilmington, Mass. 01887, with a registered agent for service of process at Corporate Creations Network Inc., 3411 Silverside Road Tatnall Building Ste 104, Wilmington, Delaware 19810.

9. Defendant PHILIPS ELECTRONICS NORTH AMERICA CORPORATION is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 1251 Avenue Of The Americas, New York, NY, 10020, with a registered agent for service of process at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Defendant RAYTHEON COMPANY is a for-profit corporation organized and existing under the laws of Delaware, and believed upon information and belief to have a principal place of business at 870 Winter St, Waltham, MA 02451, with a registered agent for service of process at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11. Defendant ZENITH ELECTRONICS LLC (fka ZENITH ELECTRONICS CORPORATION) is a for-profit Delaware corporation, and believed upon information and belief to have its principal place of business located at 2000 Millbrook Drive Lincolnshire, Illinois 60069, with a registered agent for service of process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

12. Plaintiff is informed and believes that Defendants CBS CORPORATION (fka VIACOM INC.; fka WESTINGHOUSE ELECTRIC CORPORATION); ELECTROLUX HOME CARE

3

PRODUCTS, INC.; FORD MOTOR COMPANY; GENERAL ELECTRIC COMPANY; HONEYWELL INTERNATIONAL INC.; MOTOROLA, INC.; PHILIPS ELECTRONICS NORTH AMERICA; OSRAM SYLVANIA INC.; RAYTHEON COMPANY; and ZENITH ELECTRONICS CORPORATION were and are corporations organized and existing under the laws of the State of Tennessee, or the laws of another foreign jurisdiction (e.g., the State of Delaware), and that all times material herein said Defendants (and their alternative entities, which is outlined below) conducted business in the State of Tennessee, and that said Defendants have regularly conducted business in the State of Tennessee.

13. At all times herein mentioned, each of the Defendants listed below was the successor, successor in interest, owner of, or member in an entity designing, manufacturing, constructing, and/or labeling products containing asbestos. Said entities shall hereinafter collectively be called "alternate entities."

14. Each of the named Defendants are liable for the tortious conduct of their alternative entities. Upon information and belief, these alternative entities designed, constructed, manufactured, or sold asbestos or products containing asbestos, placing them into the stream of commerce. These Defendants are liable for the acts of each and every alternate entity since: (a) there has been a virtual destruction of Plaintiff's remedy against each the alternate entity; (b) these Defendants have acquired the alternate entity's assets and liabilities, including the product line; and (c) each such Defendant enjoys the goodwill originally attached to the alternate entity.

| DEFENDANT | ALTERNATE ENTITY(IES) |
|---|---|
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE CBS CORPORATION ELECTRIC CORPORATION) | VIACOM. INC.<br>CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE ELECTRIC AND     MANUFACTURING COMPANY<br>B.F. STURTEVANT |

4

|  |  |
|---|---|
|  | KPIX TELEVISION STATION |
|  | PARAMOUNT COMMUNICATIONS, INC |
|  | GULF & WESTERN INDUSTRIES, INC. |
|  | NORTH & JUDD MANUFACTURING COMPANY |
|  | VAN NORMAN INDUSTRIES. INC. |
| ELECTROLUX HOME CARE PRODUCTS, INC. | ELECTROLUX HOME CARE PRODUCTS LTD. |
|  | WILLIAMS OIL-O-MATIC |
|  | EUREKA COMPANY, THE |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
|  | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
|  | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
|  | G E INDUSTRIAL SYSTEMS |
|  | CURTIS TURBINES |
|  | PARSONS TURBINES |
|  | GENERAL ELECTRIC JET ENGINES |
|  | HOTPOINT, INC. |
|  | GENERAL ELECTRIC SUPPLY CORPORATION |
|  | RCA CORPORATION |
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
|  | HONEYWELL CONTROLS |
|  | ALLIEDSIGNAL, INC. |
|  | AIRESEARCH DOMESTIC INTERNATIONAL SALES CORPORATION |
|  | ALLIED-SIGNAL, INC. |
|  | THE BENDIX CORPORATION |
|  | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
|  | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
|  | BENDIX HOME SYSTEMS |
|  | ALLIED CORPORATION |
|  | ALLIED CHEMICAL CORPORATION |
|  | GENERAL CHEMICAL CORPORATION |
|  | FRAM |
|  | FRICTION MATERIALS OF LOS ANGELES |
|  | NORTH AMERICAN REFRACTORIES COMPANY |
|  | EM SECTOR HOLDINGS INC. |
|  | UNIVERSAL OIL PRODUCTS COMPANY |
|  | BOYLSTON CORPORATION |
|  | EHRHART & ASSOCIATES, INC. |
|  | EHRFIART & ARTHUR, INC. |
|  | GARRETT AIR RESEARCH CORP. |
|  | STANLEY G. FLAGG & CO. |
|  | MERGENTHALER LINOTYPE COMPANY |
|  | ELTRA CORPORATION |
|  | BUNKER RAMO-ELTRA CORPORATION |
|  | UNION TEXAS NATURAL GAS CORPORATION |
|  | NION OIL AND GAS OF LOUISIANA |
|  | UNION SULPHUR AND OIL CORPORATION |
|  | UNION SULPHUR COMPANY, INC., THE |
|  | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
|  | SIGNAL COMPANIES, INC., THE |
|  | HANCOCK OIL COMPANY |
|  | BARRETT DIVISION, ALLIED CHEMICAL & DYE CORPORATION |

| | |
|---|---|
| | SIGNAL OIL & GAS CO. |
| | BANKLINE OIL COMPANY |
| OSRAM SYLVANIA INC. | GTE SYLVANIA INCORPORATED |
| | GTE PRODUCTS CORPORATION |
| | SPECO, INC. |
| | SYLVANIA ELECTRIC PRODUCTS, INC, |
| | UNION INSULATING COMPANY |
| | WILBUR B. DRIVER COMPANY |
| | PATIIMAKER COMMUNICATIONS, INC. |
| | SYLVANIA COMMERCIAL ELECTRONICS CORPORATION |
| | COLUMBIA LIGHTING, INC. |
| | CLARK CONTROL, INC. |
| | UNISTRUT CORPORATION |
| | GIBSON ELECTRIC, INC. |
| | PHILCO CONSUMER ELECTRONICS CORPORATION |
| | SYLVANIA SERVICE COMPANY. INC. |
| | ZINSCO ELECTRICAL PRODUCTS |
| | AMERICAN MINE TOOL, INC. |
| | THE WALMET CORPORATION |
| | ASHEVILLE PLASTIC SERVICES, INC. |
| | UNISTRUT CORPORATION |
| RAYTHEON COMPANY | HUGHES AIRCRAFT COMPANY |

For all statements herein, all references to Defendants include their related alternate entities.

## JURISDICTION & VENUE

15. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 since the parties are diverse, the amount in controversy exceeds the sum of $75,000, and the Defendants have, or had at the time material to this lawsuit, substantial and continuous contacts with this District.

16. Venue is proper in this Court because all, or a substantial part, of the tortious conduct in question occurred in this judicial district.

## BACKGROUND FACTS

17. This is a lawsuit for the wrongful death of Lewis Bledsoe. Mr. Bledsoe died on July 3, 2017 after suffering from mesothelioma.

18. Plaintiff Lewis Bledsoe originally filed an action against the Defendants in the State of Washington. After he died, Carolyn Bledsoe, his wife and personal representative of his estate, filed a wrongful death action. Less than one year ago, the Defendants were dismissed without prejudice from the case in Washington. Since the tortious conduct occurred in the State of

6

Tennessee, Carolyn Bledsoe now brings this action in the Court with proper jurisdiction and venue. A copy of the Fourth Amended Complaint in that case, filed in the State of Washington on August 17, 2017, is attached as Exhibit 1.[1]

19. At the time of the exposure complained of herein, decedent Lewis Bledsoe was a minor and resident of Knox County, Tennessee. The exposure occurred within this judicial district in Knox County, Tennessee.

20. From approximately 1956 to 1959, Mr. Bledsoe assisted with television and radio repair and with installing two way radios in police cars. Mr. Bledsoe installed and repaired hundreds of radios and televisions during this time. He did so both on his own while residing in Knox County, Tennessee, and as an employee of a company based in Knox County, Tennessee.

21. While installing and repairing these radios and televisions, Mr. Bledsoe was exposed to asbestos contained inside them. He disturbed original asbestos paper insulation around picture tubs and electrical components in the televisions and radios. He removed, cut, and abraded asbestos containing phenolic resin panels in televisions and radios. When performing work on the interior of these units, he handled, disturbed, removed, replaced, and cleaned asbestos-containing materials, including fibrous paper, cardboard, and insulation materials, wires covered with a woven cloth-like insulation, grey cement-appearing insulating boards, shellac-type insulation found on electric windings, and dark phenolic resin materials.

22. The manufacturer's name and logo were always clearly displayed on the exterior of the units and identified on the majority of the interior components. These televisions and radios and

---

[1] The Fourth Amended Complaint contains two exhibits germane to this current action: (1) a true and correct copy of the Order Granting Letters of Administration and Order Granting Nonintervention Powers filed in King County Superior Court of Washington, Probate Case No. 17-4-04816-7; and (2) an exhibit that describes how each Defendant exposed Mr. Bledsoe to asbestos.

7

the constituent parts therein or the parts used to repair the televisions and radios were manufactured by each of the Defendants, excluding Ford Motor Company.

23. From approximately 1956 to 1959, Plaintiff had to drill into the fire walls, trunks, and hoods of police cars manufactured by Defendant Ford Motor Company when he installed two-way radio units inside them. Upon information and belief, this drilling disturbed asbestos contained in the hood liners and heat shields of the police cars, exposing Mr. Bledsoe to the asbestos fibers.

24. In January 2016, Mr. Bledsoe was diagnosed with mesothelioma, an asbestos-related cancer. Because of this cancer, Mr. Bledsoe suffered bodily injuries, medical expenses, and physical pain and suffering. Carolyn Bledsoe, his wife and personal representative of his estate, suffered funeral expenses, emotional anguish, loss of consortium, and loss of the pecuniary value of Lewis Bledsoe's life.

25. Before he passed away, Mr. Bledsoe was subject to an extensive 1000-page deposition regarding all of the above facts.

## FIRST CAUSE OF ACTION
(Negligence)

26. The Defendants are liable for negligence. All Defendants knew, or in the exercise of reasonable care should have known, that persons working with their products, as did Lewis Bledsoe, would come into contact with asbestos, which Defendants knew, or in exercise of ordinary care should have known, were health and life-threatening.

27. All the Defendants negligently failed to:

    a. Advise Mr. Bledsoe of the danger of the asbestos in their products;

    b. Provide Mr. Bledsoe with knowledge of reasonable safeguards (e.g., protective gear) that could have been used to protect him from the harmful exposure to asbestos;

8

Case 3:18-cv-00272-PLR-HBG   Document 1   Filed 07/02/18   Page 8 of 12   PageID #: 8

    c. Place adequate warnings on their products, warning consumers and technicians of the dangers of exposure to asbestos; and

    d. Develop asbestos-free products or properly design and construct asbestos products so as to avoid the dangerous release of asbestos fibers.

28. The Defendants had a duty to exercise reasonable care in the circumstances, and their negligent conduct breached that duty.

29. As a proximate cause of this negligence, decedent Lewis Bledsoe developed mesothelioma due to his exposure to the Defendants' products.

## SECOND CAUSE OF ACTION
(Failure to Warn)

30. The Defendants are liable for failing to warn end users of the danger their products posed to health and well-being.

31. All Defendants knew, or in the exercise of reasonable care should have known, that persons working with their products, as did Lewis Bledsoe, would come into contact with asbestos, which Defendants knew, or in exercise of ordinary care should have known, were health and life-threatening.

32. The Defendants had a duty to warn individuals using and/or working with their products of the danger of the asbestos materials in the products.

33. The Defendants knew, or should have known, that their products, without an adequate warning or instruction, created an unreasonably dangerous condition that posed a substantial risk of harm to the decedent. As a technician, Mr. Bledsoe was a reasonable foreseeable user of the product his exposure was reasonably foreseeable to the Defendants.

9

34. The failure to warn by each Defendant was the direct and proximate cause of Mr. Bledsoe's injuries.

## THIRD CAUSE OF ACTION
(Strict Liability)

35. The Defendants are strictly liable for their conduct. The Defendants' television and/or radio products contained asbestos, to which decedent Lewis Bledsoe was exposed to, and were dangerously defective in design and construction and were unreasonably dangerous within the meaning of T.C.A. § 29-28-101 *et seq.* for containing harmful, deleterious, carcinogenic, and otherwise inherently and latently dangerous asbestos fibers, which unreasonably endangered the life and health of individuals like the decedent.

36. The Defendants sold, delivered and were otherwise in possession of the aforesaid asbestos products under circumstances, in which the Defendants were afforded a reasonable opportunity to inspect the products, and in the exercise of reasonable care, knew or should have known of the dangerous and defective conditions.

37. When the Defendants sold, delivered, and were otherwise in possession of the aforesaid asbestos products, such products were expected to, and did, reach decedent Lewis Bledsoe in a condition without substantial change.

38. Unaware of the danger of such exposure, Mr. Bledsoe was exposed to the asbestos fibers in the Defendants' televisions and radios.

39. The damaged caused to Lewis Bledsoe was reasonably foreseeable to the Defendants in the exercise of ordinary intelligence and prudence while selling, delivering, and otherwise possessing asbestos-containing products.

40. As a direct and proximate result of the above-described exposure to Defendants' products, decedent suffered from mesothelioma.

## FOURTH CAUSE OF ACTION
(Breach of Warranty)

41. The Defendants are also liable for breach of implied warranties. The Defendants impliedly warranted that their asbestos-containing products were of good and merchantable quality and were fit and suitable for the particular use for which they were intended.

42. The Defendants breached these implied warranties when Lewis Bledsoe was dangerously exposed to asbestos fibers in the products.

43. As a direct and proximate result of the breach of such warranty, the decedent developed asbestos-related mesothelioma without negligence or want of due care on his part.

## DAMAGES

44. As a direct and proximate result of the Defendants' conduct outlined above, Lewis Bledsoe suffered bodily injuries, medical expenses, and physical pain and suffering. Carolyn Bledsoe, his wife and personal representative of his estate, suffered funeral expenses, emotional anguish, loss of consortium, and loss of the pecuniary value of Lewis Bledsoe's life.

45. The Plaintiff reserves the right to amend the pleadings as justice requires.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff CAROLYN BLEDSOE, as Surviving Spouse and Personal Representative for the Estate of LEWIS BLEDSOE, prays as follows:

That a Judgment be entered against the Defendants in favor of the Plaintiff for a fair and reasonable amount to be determined by the jury, not to exceed Twenty Million Dollars ($20,000,000.00), for: bodily injuries; medical expenses; pain and suffering; loss of earnings and wages; funeral expenses; loss of consortium and the pecuniary value of Lewis Bledsoe's life; costs to prosecute this action; and for such other and further relief as the Court deems equitable and just.

Dated: July 2, 2018                **RESPECTFULLY SUBMITTED,**

                         By:    /s/ Gregory F. Coleman
                                Gregory F. Coleman (BPR # 014092)
                                Justin G. Day (BPR #033267)
                                **GREG COLEMAN LAW PC**
                                *Attorneys for Plaintiff*
                                First Tennessee Plaza
                                800 S. Gay Street, Suite 1100
                                Knoxville, Tennessee  37929
                                T: 865-247-0080
                                F: 865-522-0049
                                E: greg@gregcolemanlaw.com
                                   justin@gregcolemanlaw.com

12